1  SEAN P. REIS (SBN 184044)
   sreis@edelson.com
2  EDELSON MCGUIRE, LLP
   30021 Tomas Street, Suite 300
3  Rancho Santa Margarita, California 92688
   Telephone: (949) 459-2124
4  Facsimile: (949) 459-2123

5  JAY EDELSON
   jedelson@edelson.com*
6  RAFEY S. BALABANIAN
   rbalabanian@edelson.com*
7  BENJAMIN H. RICHMAN
   brichman@edelson.com*
8  CHANDLER R. GIVENS
   cgivens@edelson.com*
9  EDELSON MCGUIRE, LLC
   350 North LaSalle Street, Suite 1300
10 Chicago, Illinois 60654
   Telephone: (312) 589-6370
11 Facsimile: (312) 589-6378

12 *Pro hac vice admission to be sought

13 Attorneys for Plaintiff VIRGINIA KULESA

14          **UNITED STATES DISTRICT COURT**

15          **CENTRAL DISTRICT OF CALIFORNIA**

16 VIRGINIA KULESA, individually and on       Case No.   **SACV12-725 JVS(ANx)**
   behalf of all others similarly situated,
17                                             **COMPLAINT FOR:**
18                    *Plaintiff,*
                                               1. **Violations of California's Unfair**
19 v.                                             **Competition Law, Cal. Bus. &**
                                                  **Prof. Code §§ 17200,** *et seq.*;
20 PC CLEANER, INC., a California             2. **Fraudulent Inducement;**
   corporation,                                3. **Breach of Express Warranties,**
21                                                **Cal. Com. Code § 2313;**
                     *Defendant.*              4. **Breach of Contract;**
22                                             5. **Breach of the Implied Covenant**
                                                  **of Good Faith and Fair Dealing;**
23                                                **and**
                                               6. **Unjust Enrichment.**
24
                                               **DEMAND FOR JURY TRIAL**
25
                                               **CLASS ACTION**
26

27

28

CLASS ACTION COMPLAINT

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY - 4 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

Plaintiff Virginia Kulesa ("Kulesa" or "Plaintiff") brings this Class Action Complaint against Defendant PC Cleaner, Inc. ("PCI" or "Defendant") for its practice of defrauding consumers through the deceptive design and sale of its PC Cleaner Pro utility software. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.      PCI develops software that it claims will increase the speed, performance, and stability of a consumer's personal computer ("PC"), protect against privacy risks, and remove harmful system errors. Unfortunately for consumers, PCI's methods of inducing consumers to purchase the software, as well as the product itself, are utterly fraudulent.

2.      Through a common deceptive scheme, PCI uniformly deceives consumers into purchasing the software product at issue in this lawsuit—PC Cleaner Pro ("PC Cleaner").

3.      First, PCI represents to consumers via its websites that PC Cleaner is capable of identifying, reporting, and repairing a wide range of computer errors, and privacy and security threats. PCI further asserts that PC Cleaner will increase system startup speeds and optimize a computer's performance.

4.      Next, to convince the consumer of PC Cleaner's supposed value, PCI invites the user to download a trial version of the software and conduct a free diagnostic scan, which purportedly detects whether any problems exist on the consumer's PC. Then, PCI invariably reports, in an alarmist fashion, that the consumer's computer suffers from harmful errors, and privacy and security threats. Finally, PCI informs the consumer that to fully remove the purported errors, the

consumer must purchase and register the full version of PC Cleaner.

5.      As explained more fully herein, however, PC Cleaner *does not perform any credible diagnostic testing* on the consumer's computer. Instead, PCI intentionally designed its PC Cleaner to invariably and ominously report that the consumer's PC needs repair and is at risk of harmful errors, privacy risks, and other computer problems, regardless of the real condition of the computer.

6.      The misrepresentations described above—both through PCI's marketing and in-software graphical and textual assertions—are used to fraudulently induce and trick consumers into purchasing PC Cleaner.

7.      PCI holds itself out as a reputable developer of software designed to protect consumers' computers. Because average consumers lack the requisite technical expertise to understand the underlying functionality of PCI's software, they trust PCI to convey truthful information, and to honestly and accurately identify and remove harmful errors from their computers. PCI betrayed that trust, and as a result, thousands of consumers have been, and continue to be, duped into buying software they do not need. In light of the egregiousness and willfulness of PCI's fraud, Plaintiff seeks punitive damages.

**PARTIES**

8.      Plaintiff Virginia Kulesa is a natural person and citizen of the State of New York.

9.      Defendant PC Cleaner, Inc. is a California corporation with its headquarters and principal place of business located at 220 Newport Center Drive, Suite 197, Newport Beach, California 92660. Defendant does business throughout the State of California and the United States.

**JURISDICTION AND VENUE**

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C.

---

CLASS ACTION COMPLAINT                3

§ 1332(d)(2), because (a) at least one Class member is a citizen of a different state than PCI, (b) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

11.   This Court has personal jurisdiction over PCI because it conducts business in California and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from California. Additionally, PCI is headquartered in Newport Beach, California.

12.   Venue is proper in this District under 28 U.S.C. § 1391(a) because PCI resides in this District, and the injuries of which Plaintiff complains were directed to, and/or emanated from this District. Venue is additionally proper because PCI transacts significant business in this District, including soliciting consumer business and entering into consumer and business contracts.

## FACTUAL BACKGROUND

**I.     A brief overview of PC Cleaner, Inc.**

13.   Founded in 2001, PC Cleaner, Inc. purports to be a company dedicated to developing "Internet security and PC optimization tools" with the mission of "improving and maximizing customers computer true potential."

14.   PCI claims that PC Cleaner, now in its tenth version, is capable of fixing PC errors, removing malware, protecting the user's privacy, "boost[ing] performance by up to 200%," and speeding up the user's Internet browsing experience.

**II.     PCI uses scare tactics to trick consumers into purchasing PC Cleaner.**

15.   A consumer searching the World Wide Web for software to increase the speed or performance of their computer, to remove harmful computer errors, or to protect their privacy and security, will likely encounter PCI's advertisements for PC Cleaner. When a consumer clicks on a hyperlink to one of PCI's websites, PCI

bombards the consumer with misrepresentations about the utility of its software, thus triggering the initial phase of PCI's deceptive scheme.

### A.   PCI misrepresents the utility of the PC Cleaner.

16.   On its website, PCI asserts that PC Cleaner will improve a computer's efficiency and performance, increase its stability, repair system errors, and provide a "comprehensive tool to fix [a variety of other computer] problems." PCI additionally claims that PC Cleaner will "boost Windows startup and Web speed."

17.   These misrepresentations would only lure consumers into unnecessary purchases if the consumers believe their computers need improvement or repair. Thus the need for the second phase of PCI's ruse, described below.

### B.   Next, PCI falsely informs consumers that their computers need repair.

18.   Through its website, PCI recommends that the consumer download a trial version of PC Cleaner and conduct a free scan to detect issues that the product is supposedly designed to identify and fix. A reasonable consumer is lead to believe that the scan will detect the sort of computer issues that PCI claims PC Cleaner can remedy, and that it will "repair, secure & optimize" their PC.

19.   Immediately after installing the software on their PC, the third phase of the deceptive scheme begins: the software informs the user that dozens of harmful errors exist on the computer, and then offers to fix these "errors"—for a price.

### C.   Plaintiff's expert uncovers that PCI designed PC Cleaner to invariably report benign errors as harmful.

20.   After the consumer downloads and installs PC Cleaner, the software immediately begins conducting the "free diagnostic scan."

21.   Once the scan is complete, the PC Cleaner displays a list of purported errors identified by PC Cleaner. These errors are broken down by category and accompanied by a gauge ranging from "Good" to "Critical" describing the "damage

1   level" caused by the error.

2       22.    PC Cleaner also presents a graphical meter depicting the system's

3   overall "Performance" and "Security" that ranges from red (critical) to green (good).

4   Alongside this meter, PCI presents a list of other so-called errors—often numbering

5   in the *thousands*. Finally, an audible voice announces a warning to the user that errors

6   require the consumer's attention.

7       23.    The truth, however, is that PC Cleaner's alarmist messages are simply

8   scare tactics used by PCI to frighten consumers into purchasing its software.

9       24.    Through her attorneys, Plaintiff engaged a computer forensics expert to

10  examine PC Cleaner. The results of this investigation confirm that PC Cleaner is

11  designed to *always* report that a user's computer is severely damaged. Ostensibly,

12  these representations scare the user into believing that the computer is damaged, or at

13  risk, and that purchasing PC Cleaner is necessary to "fix" these problems. Worse,

14  Plaintiff's expert revealed that the errors reported as "Critical" *are not credible*

15  *threats* to a computer's functionality.

16      25.    The expert's investigation further uncovered that PCI programmed PC

17  Cleaner to (i) always identify problems on a user's computer (even where none exist),

18  (ii) artificially inflate the number of errors and security risks detected on a user's

19  computer, (iii) characterize innocuous items as errors, (iv) arbitrarily report that the

20  user's "Security" and "Performance" are low without any credible assessment of

21  these issues, (v) arbitrarily characterize individual errors as "critical," and (vi)

22  prevent users from exiting the software without purchase of the product.

23      26.    Through the deceptive scheme described above, PCI has profited, and

24  continues to profit, by defrauding consumers into believing that their computers are

25  severely damaged and/or at risk, and that the purchase—for $39.95—and continued

26  use of its PC Cleaner software is necessary to "fix" these problems.

27

28

### III.    Plaintiff Kulesa's Experience

27.    In April 2011, Kulesa performed an Internet search for software to fix her computer. After seeing a link that seemed promising, Kulesa navigated to PCI's website, and saw a description of a software product called PC Cleaner Pro that PCI claimed would perform a "free scan" of her computer.

28.    Kulesa relied upon the representations made by PCI through its website about PC Cleaner Pro's functionality. In particular, Kulesa was lead to reasonably believe that PC Cleaner Pro would truthfully scan and fix computer errors, speed up her computer, prevent her computer from crashing and freezing, repair system errors, and protect it from viruses, malware, and privacy threats. For these reasons, Kulesa downloaded PC Cleaner Pro.

29.    After Kulesa downloaded and installed PC Cleaner Pro, the software conducted a "scan" of the computer and informed her that thousands of serious and critical errors were present on her PC. PC Cleaner Pro also displayed a gauge representing system performance and system security, with both gauges containing a needle pointing "in the red." Additionally, PC Cleaner warned her, both aurally and through text, that these problems were decreasing her computer's performance and compromising her security, thus required her attention, and urged her to purchase the software in order to "fix" these problems.

30.    After clicking a button labeled "Fix All," Kulesa was forwarded to a PCI webpage to "register" PC Cleaner Pro in order to fix the thousands of purported problems identified. Reasonably believing that PC Cleaner Pro's analysis was correct and that her computer urgently needed repair, Kulesa paid PCI $39.95 to activate her copy of PC Cleaner Pro, allowing her to repair the purported errors.

31.    In reality, as discussed above, PC Cleaner did not actually detect thousands of "Critical" "errors." Rather, because PC Cleaner Pro was designed to

always return these results, Kulesa was misled into believing that her computer was at-risk, and that she needed to pay to register PC Cleaner Pro in order to repair her computer.

32.     But for PCI's misrepresentations—regarding the functionality of PC Cleaner and that her computer had critical system problems, poor performance and security statuses, and that thousands of other problems urgently needed repair— Kulesa would not have paid to register a full version of PCI's PC Cleaner software.

## CLASS ALLEGATIONS

33.     **Class Definition:** Plaintiff Kulesa brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of herself and a class (the "Class") of similarly situated persons, defined as follows:

> All individuals and entities in the United States and its territories that have purchased PC Cleaner Pro from PC Cleaner, Inc.

Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released, and (5) the legal representatives, successors, or assigns of any such excluded person.

34.     **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, PCI has sold its software to thousands of Class members throughout the country, making joinder of each individual member impracticable. Ultimately, the Class members will be easily identified through PCI's records.

35.     **Typicality**: Plaintiff's claims are typical of the claims of the other

members of the Class. Plaintiff and the Class sustained damages as a result of PCI's uniform wrongful conduct during transactions with Plaintiff and the Class.

36.  **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and PCI has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

37.  **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members:

      a)     whether Defendant intentionally designed PC Cleaner to automatically report that harmful errors and threats exist on a user's computer, regardless of the computer's actual condition;

      b)     whether Defendant intentionally misrepresented the functionality of its PC Cleaner software;

      c)     whether Defendant's conduct described herein was willful;

      d)     whether Defendant has breached its express warranties;

      e)     whether Defendant's conduct described herein constitutes a violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*);

      f)     whether Defendant's conduct described herein constitutes fraudulent inducement;

      g)     whether Defendant's conduct described herein constitutes a

breach of contract; and

h)      whether Defendant unjustly received and/or continues to receive money as a result of its conduct described herein, and whether under principles of equity and good conscience, Defendant should not be permitted to retain those monies.

38.     **Superiority**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by PCI's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from PCI's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

39.     **Policies Generally Applicable to the Class**: This class action is also appropriate for certification because PCI has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. PCI's policies challenged herein apply and affect members of the Class uniformly

and Plaintiff's challenge of these policies hinges on PCI's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. PCI has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class.

40.    Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned in discovery.

### FIRST CAUSE OF ACTION
**Violations of California's Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200, *et seq*.**
**(On Behalf of Plaintiff and the Class)**

41.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42.    California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"), protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

43.    The UCL prohibits any unlawful, unfair, or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition.

44.    The utility of a consumer product is a material term of any transaction because it directly affects a consumer's choice of, or conduct regarding, whether to purchase a product. Any deception or fraud related to the utility of a product is materially misleading.

45.    As described herein, PCI engaged in fraudulent, unfair, and unlawful business practices, as defined by the UCL, by, *inter alia*: (i) misrepresenting PC Cleaner's functionality in online advertisements; (ii) misrepresenting the health, performance and security of users' computers through in-software representations, and (iii) using the misrepresentations to induce consumers into purchasing PC

1    Cleaner.

2        46.     Specifically, Defendant affirmatively represented to Plaintiff that PC

3 Cleaner would honestly and accurately scan her computer for harmful problems,

4 increase the speed and stability of her computer, and protect her privacy. Further,

5 through PC Cleaner's in-software representations, PCI affirmatively represented that

6 Plaintiff's computer health, performance, and security were at "critical" risk, and that

7 harmful errors existed on her computer.

8        47.     PCI's representations were, in fact, false. PCI's PC Cleaner does not

9 (and cannot) actually perform all of the benefits Defendant promises through its

10 marketing and websites. Likewise, PC Cleaner's scan results were false, because PC

11 Cleaner did not perform any meaningful evaluation of Plaintiff's computer or any

12 problems contained before representing to Plaintiff that her computer needed repair.

13        48.     Furthermore, the *only reason* for consumers to purchase PC Cleaner is to

14 ensure any errors are fixed and to increase their computers' performance. As such,

15 the scan's false results and its failure to offer all of the utility advertised were

16 deceptive and were likely to mislead reasonable consumers.

17        49.     PCI has violated the UCL's "fraudulent" prong by knowingly making

18 false representations of consumers'—including Plaintiff's and the Class's—

19 computer's need for repair, with the specific intent to defraud as many consumers as

20 possible into purchasing and continuing to use its PC Cleaner software.

21        50.     Reasonable consumers are likely to be, and Plaintiff and the Class were,

22 deceived by PCI's misrepresentations about the scope of benefits PC Cleaner offers.

23        51.     Reasonable consumers are also likely to be, and Plaintiff and the Class

24 were, deceived by PCI's misrepresentations regarding the health, performance and

25 security of their computers and the computers' need for repair.

26        52.     PCI also violated the UCL's "unfair" prong by causing substantial injury

27

28

1   to consumers through its fraudulent conduct described herein. The injuries caused by
2   PCI's unfair conduct are not outweighed by any countervailing benefits to consumers
3   or competition. Given the inequity of information between PCI and consumers
4   regarding PC Cleaner's functionality, PCI knew or had reason to know that Plaintiff
5   and the Class could not reasonably have known of or discovered the falsity of PCI's
6   representations or avoided the harm those misrepresentations caused.

7       53.    Further, PCI violated the UCL's "unlawful" prong by breaching its
8   express warranties to Plaintiff and the Class, in violation of Cal. Com. Code § 2313,
9   as detailed in Count III below. PCI's fraudulent marketing practices also violate
10  California's public policies favoring enforcement of implied and express warranties.

11      54.    PCI's fraudulent, unfair, and unlawful conduct occurred during the
12  marketing and sale of computer software products, and therefore occurred in the
13  course of Defendant's business practices.

14      55.    PCI's fraudulent, unfair, and unlawful conduct directly and proximately
15  caused Plaintiff and the Class actual monetary damages in the form of the price paid
16  for PC Cleaner—typically $39.95.

17      56.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order (1)
18  awarding Plaintiff and the Class all appropriate damages, (2) requiring Defendant to
19  cease the fraudulent, unfair and unlawful practices described herein, and (3) awarding
20  reasonable costs and attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5.

21              **SECOND CAUSE OF ACTION**
                **Fraudulent Inducement**
22              **(On Behalf of Plaintiff and the Class)**

23      57.    Plaintiff incorporates by reference the foregoing allegations as if fully
24  set forth herein.

25      58.    As described with particularity in paragraphs 13 through 32 and
26  throughout all Counts of this Complaint, PCI has used, and continues to use,

27

28

CLASS ACTION COMPLAINT            13

marketing tactics it knows or reasonably should know are false and misleading.

59.     To induce Plaintiff to purchase PC Cleaner, PCI affirmatively represented to Plaintiff that PC Cleaner possessed certain utility. Specifically, PCI represented that PC Cleaner would honestly and accurately scan her computer for harmful problems, increase her computer's speed and stability, and protect her computer's security. Further, through PC Cleaner itself, PCI affirmatively represented that the health of Plaintiff's computer was critical and that thousands of errors existed on her computer.

60.     PCI's affirmative representations were in fact false. In particular, PCI's PC Cleaner does not increase a computer's performance and stability in the manner PCI described, nor does it protect the user's security as represented. Likewise, PC Cleaner's representations upon installation were false, because it had not performed any meaningful evaluation of Plaintiff's computer when it warned her of the need for computer repair.

61.     The utility of a consumer product is a material term of any transaction because it directly affects a consumer's choice of, or conduct regarding, whether to purchase a product. Any deception or fraud related to the utility of a product is materially misleading.

62.     As PC Cleaner's designer, PCI knew that its representations about PC Cleaner's utility were false. PCI intentionally designed its public representations to mislead consumers about PC Cleaner's utility, and programmed PC Cleaner to falsely report computer errors and to deceive users about their computers' system health, performance and security.

63.     PCI made its misrepresentations with the specific intention that Plaintiff and the other members of the Class would rely upon them by downloading and paying to register a full version of the PC Cleaner software.

CLASS ACTION COMPLAINT                    14

64.     As a consumer lacking the requisite technical expertise to independently gauge PC Cleaner's underlying functionality, and taking PCI's statements at face value, Plaintiff justifiably relied upon PCI's misrepresentations, and would not have purchased the PC Cleaner but for the misrepresentations that her computer needed the PC Cleaner to perform the beneficial tasks advertised.

65.     By using false and fraudulent marketing tactics, and exaggerated and fraudulent in-software representations, PCI has engaged in fraudulent practices designed to mislead and deceive consumers into purchasing PC Cleaner.

66.     As a result of their reasonable reliance upon on PCI's misrepresentations, Plaintiff and the Class have been damaged in the amount of PC Cleaner's purchase price.

67.     Plaintiff therefore prays for relief in the amount of the purchase price of PCI's PC Cleaner. Plaintiff further alleges that PCI's conduct and misrepresentations were made with malice and in conscious disregard for Plaintiff's rights, thereby entitling her to punitive damages against PCI in an amount sufficient to deter such conduct in the future.

### THIRD CAUSE OF ACTION
**Breach of Express Warranties
Pursuant to Cal. Com. Code § 2313
(On Behalf of Plaintiff and the Class)**

68.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

69.     Pursuant to California Commercial Code § 2313, PCI's sale of PC Cleaner included express warranties created by PCI's affirmation of facts and promises through its advertising, websites, and in-software representations.

70.     PCI's express warranties included affirmations of fact and promises that PC Cleaner would honestly and accurately identify, report and repair computer errors; increase computer speed, performance and stability; protect against privacy

risks; and remove harmful errors. In actuality, PCI intentionally designed its software to falsely identify and/or exaggerate the presence of harmful errors, and misrepresent the overall status of the computer to deceive consumers into thinking the software provided some utility.

71.     Plaintiff and the Class relied upon PCI's affirmations and promises when purchasing PC Cleaner, and the affirmations formed the basis of the bargain, in that Plaintiff and the Class believed they were purchasing software that would honestly and accurately scan and repair their computers. But for PCI's affirmations and promises, Plaintiff and the Class would not have purchased PC Cleaner.

72.     PCI breached its express warranties because PC Cleaner did not perform any real diagnostic test on Plaintiff's or the Class's computer systems. Rather, it artificially and arbitrarily reported harmful computer errors and critical system health, performance and security, and failed to increase the performance of their PCs.

73.     PCI's breach injured Plaintiff and the Class because they purchased a product of diminished value—software that does not actually perform the beneficial tasks represented to them through PCI's affirmations and promises.

74.     By serving this Complaint, Plaintiff and the Class hereby give Defendant notice that it has breached its express warranties and request maximum damages as provided by the California Commercial Code.

## FOURTH CAUSE OF ACTION
### Breach of Contract
### (On Behalf of Plaintiff and the Class)

75.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

76.     Plaintiff and the Class members entered into agreements with PCI whereby PCI agreed to sell, and Plaintiff and the Class agreed to purchase, software that would detect and remove legitimate computer errors from Plaintiff's and the

1  Class's computers.

2    77.   PCI voluntarily assumed a contractual obligation to honestly diagnose

3  problems on Plaintiff's and the Class's computers and to honestly indicate whether

4  problems exist. This obligation is a material term of the agreement. PCI did not honor

5  this obligation.

6    78.   PCI also assumed an obligation to provide Plaintiff and the Class a

7  product that would remove errors from their computers. PCI did not honor this

8  obligation.

9    79.   Plaintiff and the Class paid, and PCI accepted, PC Cleaner's purchase

10  price, and therefore performed their obligations under the contracts.

11    80.   PCI breached its contracts by providing Plaintiff and the Class PC

12  Cleaner software that failed to honestly and accurately inform consumers about the

13  true condition of their computers, and further by providing software that failed to

14  offer the benefits promised—namely, improvements in the performance, privacy

15  protection, and security of their computers.

16    81.   The aforementioned breaches of contract have caused Plaintiff and the

17  Class economic injury and other damages, including in the form of the purchase price

18  of the PC Cleaner software, because they purchased a product that does not perform

19  as PCI promised, and therefore lacks the utility contracted for.

20  ### FIFTH CAUSE OF ACTION
21  **Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(On Behalf of Plaintiff and the Class)**

22    82.   Plaintiff incorporates by reference the foregoing allegations as if fully

23  set forth herein.

24    83.   In order to benefit from PCI's purported utility software, Plaintiff and

25  the Class affirmatively allowed PCI to install PC Cleaner on their computers.

26    84.   PCI's agreement to install software to diagnose and remove harmful

27  errors and threats from Plaintiff's and the Class's computers in exchange for a fee is a

28

CLASS ACTION COMPLAINT          17

valid and enforceable contract between Plaintiff and the Class on the one hand, and PCI on the other.

85.     PCI breached the provisions of the agreement, specifically by not honoring its responsibilities to perform truthful diagnostic and remedial operations.

86.     California contract law recognizes the implied covenant of good faith and fair dealing in every contract.

87.     Implicit in the contract were provisions prohibiting PCI from engaging in conduct that frustrated or injured Plaintiff's and the Class's rights to receive the benefits of the agreement.

88.     Furthermore, PCI was under an implicit obligation to comply with California's Unfair Competition Law.

89.     PCI voluntarily assumed a contractual obligation to honestly diagnose errors and threats on Plaintiff's and the Class's computers and to honestly indicate whether any such problems existed. This obligation is a material term of the agreement. PCI did not honor this obligation.

90.     PCI breached the implied covenant of good faith and fair dealing by failing to honestly and accurately inform consumers about the true condition of their computers, and further by failing to fully comply with the proscriptions of applicable statutory law.

91.     PCI's misconduct and breach of the implied covenant of good faith and fair dealing as described herein resulted in injury to Plaintiff and the Class in the form of the monies they paid in excess of PC Cleaner's actual utility and/or money conferred on PCI by Plaintiff and the Class, in exchange for fully functional software, that was knowingly and wrongfully retained by Defendant.

**SIXTH CAUSE OF ACTION**
**Unjust Enrichment/Restitution**
**(in the alternative to Breach of Contract and Breach of the**
**Implied Covenant of Good Faith and Fair Dealing)**
**(On Behalf of Plaintiff and the Class)**

92.     Plaintiff incorporates by reference Paragraphs 1 through 74 as if fully set forth herein.

93.     Count VI is expressly brought in the alternative to Count IV (breach of contract) and Count V (breach of the implied covenant of good faith and fair dealing).

94.     PCI has knowingly received and retained benefits from Plaintiff and the Class under circumstances that would render it unjust to allow PCI to retain such benefits.

95.     By falsely informing Plaintiff and the Class that their computers were damaged and needing repair, and that the PC Cleaner would repair those problems, PCI knowingly received and appreciated benefits at the expense and to the detriment of Plaintiff and the Class.

96.     PCI's receipt of funds from Plaintiff and the Class allowed it to utilize those funds for its own purposes, without expending resources to perform its obligations under the contract.

97.     PCI appreciates or has knowledge of these benefits.

98.     Under principles of equity and good conscience, PCI should not be permitted to retain the monies belonging to Plaintiff and the Class that they paid and that PCI unjustly received as a result of its misconduct alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kulesa, on behalf of herself and the Class, respectfully requests that this Court enter an order:

A.     Certifying this case as a class action on behalf of the Class defined above, appointing Virginia Kulesa as class representative, and appointing her counsel

1    as class counsel;

2         B.     Declaring that Defendant's actions, as set out above, violate California's

3    Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), and constitute

4    fraudulent inducement, breach of express warranties in violation of Cal. Com. Code

5    § 2313, breach of contract, breach of the implied covenant of good faith and fair

6    dealing, and (in the alternative to breach of contract and breach of the implied

7    covenant of good faith and fair dealing) unjust enrichment;

8         C.     Awarding damages, including statutory and punitive damages where

9    applicable, to Plaintiff and the Class in an amount to be determined at trial;

10        D.     Awarding injunctive and other equitable relief as is necessary to protect

11   the interests of the Class, including, *inter alia*: (i) an order prohibiting PCI from

12   engaging in the wrongful and unlawful acts described herein; (ii) requiring PCI to

13   disclose and admit the wrongful and unlawful acts described herein; and (iii)

14   requiring PCI to fully disclose the true nature of its software products now and in the

15   future;

16        E.     Awarding Plaintiff and the Class their reasonable litigation expenses and

17   attorneys' fees;

18        F.     Awarding Plaintiff and the Class pre- and post-judgment interest, to the

19   extent allowable;

20        G.     Awarding such other and further relief as equity and justice may require.

21                           **DEMAND FOR JURY TRIAL**

22        Plaintiff demands a trial by jury for all issues so triable.

23                                   Respectfully submitted,

24   Dated: May 4, 2012              **VIRGINIA KULESA**, individually and on
                                     behalf of all others similarly situated,
25
                                     By: /s/ Sean P. Reis
26                                          One of Plaintiff's Attorneys

27

28

CLASS ACTION COMPLAINT              20

SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

JAY EDELSON
jedelson@edelson.com*
RAFEY S. BALABANIAN
rbalabanian@edelson.com*
BENJAMIN H. RICHMAN
brichman@edelson.com*
CHANDLER R. GIVENS
cgivens@edelson.com*
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Pro hac vice admission to be sought

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 725 JVS (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| VIRGINIA KULESA, individually and on behalf of all others similarly situated, | ) |
| *Plaintiff* | ) |
| v. | ) |
| PC CLEANER, INC., a California corporation, | ) |
| *Defendant* | ) |

Civil Action No.  SACV12 - 725 JVS(ANx

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   PC CLEANER, INC., a California corporation, c/o Wolfgang Kovach, Esq., 28202 Cabot Road, Suite 300, Laguna Niguel, California 92677

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Sean Reis, Edelson McGuire LLP, 30021 Tomas Street, Suite 300, Rancho Santa Margarita, CA 92688

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  5-4-12

NANCY INTERIANO

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❒ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                            _____
                                                           *Server's signature*

                                                  _____
                                                         *Printed name and title*


                                                  _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) VIRGINIA KULESA, individually and on behalf of all others similarly situated, | DEFENDANTS PC CLEANER, INC., a California corporation, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Sean Reis, Edelson McGuire LLP, 30021 Tomas Street, Suite 300, Rancho Santa Margarita, CA 92688 (949) 459-2124 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No       ☑ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332(d)(2) (jurisdiction)

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SACV12-725 JVS(ANx)**

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | New York State |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 5-4-12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |