## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | SACV 12-725 JVS (ANx) | Date   January 7, 2013 |

Title    Virginia Kulesa et al. v. PC Cleaner, Inc.

Present: The
Honorable        James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Sean Reis | William Edmonson |

**Proceedings:      Defendant's Motion to Dismiss Second Amended Complaint (fld 11-30-12)**

**Cause called and counsel make their appearances.   The Court's tentative ruling is issued.    Counsel make their arguments.   The Court GRANTS IN PART and DENIES IN PART the defendant's motion and rules in accordance with the tentative ruling as follows:**

Defendant PC Cleaner, Inc. ("PCI") moves to dismiss the Second Amended Complaint ("SAC") of Plaintiff Virginia Kulesa ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Motion, Docket No. 54.) Plaintiff timely opposed. (Opposition, Docket No. 55.) For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

I.      BACKGROUND

This putative class action arises out of the purchase of a license to use PCI's software, PC Cleaner Pro. PCI markets PC Cleaner Pro, now in its tenth version, as capable of fixing computer ("PC") errors, removing malware, protecting user privacy by clearing history data, "boost[ing] performance by up to 200%," speeding up the user's Internet browsing experience, boosting startup speeds, and removing all types of viruses. (SAC ¶¶ 14, 19, 20.) Plaintiffs claims PC Cleaner Pro only performs two functions: cleaning the registry and removing temporary files. (Id. ¶ 21.) Plaintiff claims PC Cleaner does not accurately detect and fix problems and her PC's functionality did not improve after using the software.

PCI recommends that a consumer download a trial version of PC Cleaner Pro and conduct a free computer scan to detect PC issues. (Id. ¶ 21.) PC Cleaner Pro then displays a warning that potentially thousands of serious problems purportedly exist on the computer and produces a graphical depiction identifying the "Performance" and "Security" levels of the computer. (Id. ¶ 27.) The software gives an itemized list of errors purportedly identified, breaking them down by category with a gauge level ranging from "Good" to "Critical" that represents the supposed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-725 JVS (ANx)                    Date   January 7, 2013

Title   Virginia Kulesa et al. v. PC Cleaner, Inc.

"Damage Level" of the problem, and details "the implications of leaving the problems unfixed." (Id. ¶ 28.) It also displays a half-page warning with red letters stating, "PC Cleaner Pro has determined that your computer requires immediate attention!" and provides the option to purchase the full version to repair the errors. (Id. ¶ 30.) Plaintiffs claims the messages "are simply scare tactics . . . to frighten consumers into purchasing its software." (Id. ¶ 27.)

In 2011, Plaintiff's computer began malfunctioning: its speed and Internet speed drastically decreased, it issued numerous error messages, and it would often freeze. (Id. ¶ 42.) On or around January 17, 2012, Plaintiff encountered a PCI advertisement for PC Cleaner that allegedly defined the software as a "premium registry cleaner." (Id. ¶ 43.) Plaintiff navigated to www.pccleanerpro.com and saw representations that the software could "Boost PC Speed," "Fix PC Errors," "Clean your Registry," "Stop Malware," "Optimize Memory," "And Much More!"[1] (Id. ¶ 44.) Relying on these claims, Plaintiff downloaded the trial version and scanned her PC. (Id. ¶¶ 45–46.) The software detected thousands of supposedly serious errors, some of which were causing "critical" damage. (Id. ¶ 46.) The performance and security levels were "in the red" and in "critical" condition, and the software aurally and textually warned her that such problems were decreasing her computer's performance and compromising her security and recommended that Plaintiff purchase the full version of the software. (Id.)

Plaintiff paid $29.97 to activate the full copy of PC Cleaner Pro 2012. (Id. ¶ 47.) Plaintiff alleges that PC Cleaner "did not actually detect thousands of 'Critical' errors as Defendant claimed that it would—because the software arbitrarily detects and reports problems as 'Critical' and cannot actually perform the beneficial tasks described in its marketing materials." (Id. ¶ 48.) Plaintiff alleges that the software's trial and full versions did not accurately identify and report the actual condition of her PC because they were designed to invariably report such serious problems. (Id.) Plaintiff claims she was misled into believing her computer was at-risk such that she needed PC Cleaner to repair it. (Id.) Yet, every time she ran the software, it reported the same harmful errors were adversely affecting her computer and that she needed to fix them. (Id. ¶ 49.) She claims that "[b]ut for PCI's misrepresentations . . . [she] would not have paid to register a full version of PCI's PC Cleaner software." (Id. ¶ 50.)

Plaintiff engaged a computer forensics expert to examine PC Cleaner Pro. The expert's

---

[1]According to the SAC, the website advertisements stated that PC Cleaner Pro would scan the Windows registry and find incorrect or obsolete information that, if fixed, would make the system run faster and error free; analyze the system and adjust the PC to function at its maximum potential performance; tweak the computer system that could lead to faster downloads, uploads, web surfing, and more; remove files that clutter the system; clean unwanted history data which could put the user at risk of identity theft; and attempt to optimize the system. (SAC ¶ 44.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-725 JVS (ANx)                    Date   January 7, 2013

Title        Virginia Kulesa et al. v. PC Cleaner, Inc.

investigation "confirm[ed] that PC Cleaner is designed to *always* report that a user's computer is severely damaged—regardless of the condition or type of computer the software is installed on." (Id. ¶ 31 (emphasis in original).) The software deliberately mischaracterizes the severity of issues and identifies naturally recurring system files as threatening. (Id. ¶¶ 34–35.) The expert found that PCI programmed the free and full versions of PC Cleaner Pro to "(I) always identify problems on a user's computer (even where none exist), (ii) artificially inflate the number of errors and security risks detected on a user's computer, (iii) characterize innocuous items as errors, (iv) arbitrarily report that the user's 'Security' and 'Performance' are low without any credible assessment of these issues, (v) arbitrarily characterize individual errors as 'Critical,' and (vi) prevent users from exiting the software without purchasing the product." (Id. ¶ 36.) These false reports and characterizations continue even after installation and use of the full version. (Id. ¶ 37.) Plaintiff alleges that through this scheme, PCI profits by "defrauding users into believing that their computers are severely damaged and/or at risk, and that the purchase–for $29.96–and continued use of the PC Cleaner software is necessary to 'fix' these problems." (Id. 31.)

The Court previously dismissed Plaintiff's First Amended Complaint ("FAC"), primarily for failure to satisfy Federal Rule of Civil Procedure Rule 9(b)'s heightened pleading standard. (See Order, Docket No. 49.) Plaintiff repleaded and again asserts claims on behalf of herself and a putative class for: (1) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (2) fraudulent inducement; (3) breach of express warranties, Cal. Com. Code § 2313; (4) breach of contract; and (5) breach of the implied covenant of good faith and fair dealing.

II.   LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In resolving a Rule 12(b)(6) motion under Twombly, the court must follow a two-pronged approach. First, the court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the court "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-725 JVS (ANx) | Date | January 7, 2013 |

| | |
|---|---|
| Title | Virginia Kulesa et al. v. PC Cleaner, Inc. |

more than the mere possibility of misconduct." Id.

Under Rule 9(b), a plaintiff must plead each of the elements of a fraud claim with particularity, i.e., a plaintiff "must set forth *more* than the neutral facts necessary to identify the transaction." Cooper v. Pickett, F.3d 616, 625 (9th Cir. 1997) (emphasis in original). In other words, fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. Id.

III.   DISCUSSION

A.      **Rule 9(b) Particularity**

PCI argues that Plaintiff fails to establish the who, what, where, when, and how of the misconduct charged. PCI argues, *inter alia*, that Plaintiff does not link up general allegations with her own experiences, does not indicate what version of PC Cleaner Pro the advertisements she saw referenced, and does not allege how PCI did not deliver on its promises. (Motion, at 6–10.) The Court disagrees.

When a claim is grounded in or sounds in fraud, the pleading of that claim—but not the entire complaint—must satisfy Rule 9(b) particularity. Vess, 317 F.3d at 1103–04. To state a fraud claim, a plaintiff must allege "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damages." Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009). In Kearns, the Ninth Circuit dismissed claims relating to Ford's promotion of a Certified Pre-Owned vehicle program because Kearns failed to allege what advertisements and sales material specifically stated, what he relied upon in making his purchase, or when the statement was made. Id. In Wang v. OCZ Tech. Grp, Inc., 276 F.R.D. 618, 627–28 (N.D. Cal. 2011), the court held that although the plaintiff provided a time frame for the defendant's conduct, he did not allege when he viewed, read, or relied upon the its representations; what material he relied upon; or how his purchase fell short of the product's advertised qualities. In TransFresh Corp. v. Ganzerla & Assoc., Inc., No. C-11-06348 JCS, 2012 WL 994674, at *7 (N.D. Cal. Mar. 23, 2012), parts of the complaint satisfied Rule 9(b) because they pointed to specific statements in a video and representations the plaintiff viewed on the defendant's website.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-725 JVS (ANx) | Date | January 7, 2013 |
|---|---|---|---|

| Title | Virginia Kulesa et al. v. PC Cleaner, Inc. |
|---|---|

Plaintiff provides PCI with adequate notice of the misconduct that constitutes the fraud charged, satisfying Rule 9(b). She claims she purchased the 2012 edition of PC Cleaner Pro (SAC ¶ 47); and states that she saw advertisements in January 2012 on PCI's website and provides images she claims are, or are substantially similar to, the advertisements she viewed, creating a plausible assumption that they were for the 2012 edition (id. ¶¶ 20, 43–45). Plaintiff alleges that she purchased the software in reliance upon PCI's online representations that PC Cleaner Pro would repair her compute and the representations from the trial version that PC Cleaner Pro could repair the errors it identified. (Id. ¶¶ 45–47.) Finally, she alleges that not only did the free scan display false information because it overstated the nature of the errors and manufactured errors, and was designed to always display such results, but that the full version invariably also returned the same errors although it purportedly had fixed them when she ran the software. (Id. ¶¶ 48–49.) The Court finds these allegations, which are more specific than in Kearns or Wang, provide a basis to compare PCI's representations to the actual functionality of its software and satisfy Rule 9(b). See Gross v. Symantec Corp., No. C 12-154 CRB, 2012 WL 3116158, at *5 (N.D. Cal. July 31, 2012) (noting that provision of direct quotations was critical for fraud analysis).

Accordingly, the Court **DENIES** the motion to dismiss failure to plead fraud with particularity. Because PCI moves to dismiss the fraudulent inducement claim[2] on the ground that it insufficiently pleads facts supporting a claim for fraud, the Court also **DENIES** the motion to dismiss the fraudulent inducement claim.

## B. Breach of Express Warranties

Regardless of whether Cal. Comm. Code § 2313 applies to software licenses, as the Court discussed in its order dismissing the FAC, (see Docket No. 49, at 12–13), the breach of express warranty claim fails because Plaintiff fails to plead that she provided pre-suit notice to PCI under Cal. Com. Code § 2607(3)(A). To prevail on a breach of express warranty under California law, a plaintiff must prove the seller: "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." Keegan v. Am. Honda Motor Co., Inc., 838 F. Supp. 2d 929, 949 (C.D. Cal. 2012) (quoting Alvarez v. Chevron Corp., 656 F.3d 925, 932 (9th Cir. 2011)). Further, a buyer must plead that she provided notice

---

[2]To state a claim for fraudulent inducement, a plaintiff must allege that "the promisor knows what he is signing, but his consent is induced by fraud, mutual assent is present, and a contract is formed, which, by reason of fraud, is voidable." Duffens v. Valenti, 161 Cal. App. 4th 434, 449 (2008) (quoting Rosenthal v. Great W. Fin. Sec. Corp., 14 Cal. 4th 394, 416 (1996)).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-725 JVS (ANx)                    Date   January 7, 2013

Title   Virginia Kulesa et al. v. PC Cleaner, Inc.

of the alleged breach to the seller within a reasonable time after discovering the breach. Stearns v. Select Comfort Retail Corp., 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010); Pollard v. Saxe & Yolles Dev. Co., 12 Cal. 3d 374, 380 (1974) (Notice is "designed to allow the defendant opportunity for repairing the defective item, reducing damages, avoiding defective products in the future, and negotiating settlements."). "The buyer has the burden of showing that reasonable notice was provided." Stearns, 763 F. Supp. 2d at 1142 (citation omitted).

Plaintiff argues that post-suit notice fulfills the requirement. (Opposition, at 11.) Plaintiff's theory is contrary to Cal. Com. Code § 2607(3)(A), which requires pre-suit notice, and Plaintiff is not excused from having to provide notice because she dealt with PCI and not with another seller. See In re Toyota Motor Corp. Unintended Acceleration, Mktg., Sales Practices, and Prods. Liability Litig., 754 F. Supp. 2d 1145, 1180 (C.D. Cal. 2010) (pre-suit notice requirement is excused as to manufacturer with which purchaser did not deal). Plaintiff also cites to In re McDonald's French Fries Litig., 503 F. Supp. 2d 953 (N.D. Ill. 2007), for the proposition that direct notice is not required when the seller has notice of the actual defect of the product. (SAC ¶¶ 92–93.) However, that case is not from California and the principles therein derive from Illinois' development of the Uniform Commercial Code. Finally, Plaintiff asserts in her Opposition that she provided pre-suit notice to PCI in January 2012 when she posted an online complaint regarding the defects. (Opposition, at 11; Kulesa Declaration, Docket No. 55-2.) Although this information indicates that PCI probably had notice, the Court may not consider it in ruling on a Rule 12(b)(6) motion because it is extrinsic to the pleading and not a document the SAC "necessarily relies" upon. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

Accordingly, the Court **GRANTS** the motion to dismiss the breach of express warranties claim, without prejudice.

### C.     Unfair Competition Law

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The "unlawful" prong treats violations of other federal, state, regulatory, or court-made law as unlawful business practices independently actionable under state law. Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003) (citation omitted). Claims brought under the "fraudulent" prong or sounding in fraud must satisfy Rule 9(b). Faulk v. Sears, Roebuck & Co., No. C 11-2159, 2011 WL 5521177, at *5 (N.D. Cal. Nov. 14, 2011); Kearns, 567 F.3d at 1125 (holding that where plaintiff alleges unified course of fraudulent conduct and relies entirely on that conduct as the basis for the claim, the claim is grounded in fraud and must satisfy Rule 9(b)). An act or practice is "unfair" under the UCL "if the consumer injury is substantial, is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-725 JVS (ANx)          Date   January 7, 2013

Title   Virginia Kulesa et al. v. PC Cleaner, Inc.

outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." In re Sony Grand Wega DKF-E A10/A20 Series Rear Projection HDTV Television Litig., 758 F. Supp. 2d 1077, 1091 (S.D. Cal. 2011) (citation omitted).

PCI argues that Plaintiff's UCL claim fails because she fails to plead with particularity. The Court disagrees. Plaintiff states a claim for fraud and adequately alleges that "'members of the public are likely to be deceived'" by PCI's business practice or advertising and that none of the injuries are outweighed by any countervailing benefit to her or the putative class. Kowalsky v. Hewlett-Packard Co., 771 F. Supp. 2d 1156, 1159 (N.D. Cal. 2011). Accordingly, the Court **DENIES** the motion to dismiss the UCL claim.

### D.     Breach of Contract & Implied Covenant of Good Faith

PCI argues that Plaintiff's beach of contract and implied covenant of good faith and fair dealing claims must be dismissed for failure to identify the "essential terms" of the agreement or allege that the full version of PC Cleaner Pro did not work as advertised. (Motion, at 11–12.) Plaintiff's claims are predicated on the theory that a contract formed when she paid PCI $29.97 for PC Cleaner Pro, which PCI claimed would diagnose and repair computer errors. (SAC ¶¶ 96–97.) Plaintiff claims the essential terms were that PCI would provide a software that would "Fix Your PC Errors," "Increase Your PC's Performance," "Boost Your PC's Speed," "Clean Your System," improve "Privacy Protection," and run a "System Optimizer." (Id. ¶¶ 44, 96, 99.) Plaintiff claims PCI breached the contract by "intentionally designing the full version of the PC Cleaner software to mischaracterize the true condition of their computers, and further by failing to provide software that performed . . . improvements in the performance, privacy protection, and security of their computers." (Id. ¶ 97.) Plaintiff claims PCI breached the implied covenant of good faith and fair dealing because it acted in bad faith by purposefully not providing functional software. (Id. ¶¶ 103–105.)

A complaint for breach of contract must plead: (1) the existence of a contract, (2) a breach of the contract by the defendant, (3) performance or excuse of non-performance by the plaintiff, and (4) damages suffered by the plaintiff due to the defendant's breach. Gross, 2012 WL 3116158, at *11 (citing McDonald v. John P. Scripps Newspaper, 210 Cal. App. 3d 100, 104 (1989)). The complaint should plead the essential terms of the contract. Id. (citing McAfee v. Francis, No. 5:11-CV-00821-LHK, 2011 WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011)). In Gross, the court dismissed the breach of contract claim because the plaintiff failed to allege the exact terms that were breached or allege a breach based on software performance after Plaintiff purchased the full version of Symantec's product. Id. at *12. Unlike the dismissed FAC, Plaintiff now alleges that the statements detailed above were the essential terms of her agreement with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-725 JVS (ANx) | Date | January 7, 2013 |

| | |
|---|---|
| Title | Virginia Kulesa et al. v. PC Cleaner, Inc. |

PCI.[3] Plaintiff's allegations also concern software performance after she purchased the full version of PC Cleaner Pro, such as the failure to fix any reported errors and continued reporting of the same errors (SAC ¶ 49), and the computer forensic expert's analysis of the free and full versions of the software (id. ¶¶ 31–37). Accordingly, the Court **DENIES** the motion to dismiss the breach of contract claim.

"A covenant of good faith and fair dealing is implied in every contract." Zepeda v. OneWest Bank FSB, No. 5:CV 11-777-EJD, 2011 WL 6182951, at *8 (N.D. Cal. Dec. 13, 2011) (citing Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371–72 (1992). To establish a breach of the implied covenant, "a plaintiff must establish the existence of a contractual obligation, along with [bad faith] conduct that frustrates the other party's rights to benefit from the contract."[4] Gross, 2012 WL 3116158, at *12–13 (quoting Rosal v. First Fed. Bank of Cal., 671 F. Supp. 2d 1111, 1129 (N.D. Cal. 2009); Guz v. Bechtel Nat., Inc., 24 Cal. 4th 317, 353 n.18 (2000)); see also Zepeda, 2011 WL 6182951, at *8 ("[T]he implied covenant is limited to ensuring compliance with the express terms in the contract, and cannot be extended to create obligations not contemplated in the contract."). The bad faith alleged must pertain to more than the inducement of a party to enter into a contract. Gross, 2012 WL 3116158, at *13 (citing Shaterian v. Wells Fargo Bank, N.A., 829 F. Supp. 2d 873, 884 (N.D. Cal. 2011). Plaintiff has identified the alleged contractual obligations, plausibly alleges a lack of functionality in both the free and full versions of the software, and alleges that PCI acted in bad faith because it knew PC Cleaner Pro could not provide the advertised benefits. (SAC ¶¶ 103–105.) Accordingly, the Court **DENIES** the motion to dismiss the breach of the implied covenant of good faith claim.

### E.     Injunctive Relief & Punitive Damages

PCI claims no injunctive relief is warranted because there is no likelihood of future injury to Plaintiff or the putative class. A plaintiff seeking equitable relief must "demonstrate a likelihood of future injury," meaning that she is "realistically threatened by a repetition of the violation." Wang, 276 F.R.D. at 626 (citing Hodgers–Durgin v. De La Vina, 199 F.3d 1037, 1039 (9th Cir. 1999); Gest v. Bradbury, 443 F.3d 1177, 1181 (9th Cir. 2006)). "Allegations that a defendant's continuing conduct subjects unnamed class members to the alleged harm is

---

[3]The Court must accept the allegations as true at the motion to dismiss stage. Whether other terms were presented to Plaintiff after she used the trial version of PC Cleaner Pro is a factual question that may be determined through discovery and addressed later in the litigation.

[4]The allegations in a breach of implied covenant claim must go beyond a mere contract breach and therefore not be superfluous. Gross, 2012 WL 3116158, at *12–13.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-725 JVS (ANx)                Date   January 7, 2013

Title   Virginia Kulesa et al. v. PC Cleaner, Inc.

insufficient if the named plaintiffs are themselves unable to demonstrate a likelihood of future injury." Id. (citing Hodgers-Durgin, 199 F.3d at 1044–45). At this point, Plaintiff has not shown a likelihood of future harm; any alleged loss to her and wrongs by PCI already have occurred, and Plaintiff does not allege any non-speculative continuing risk to her from PCI. Further, because Plaintiff's software "license" apparently is set to expire in mid-January 2013, prior to any potential resolution to this litigation, an injunction requiring PCI to change the software to function as advertised is inappropriate to grant at this stage. Accordingly, based on the record before the Court, the Court **GRANTS** the motion to dismiss the injunctive relief request, without prejudice.

Defendants also seek dismissal of Plaintiff's request for punitive damages. Under Cal. Civ. Code § 3294, a court may impose punitive damages only "in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant is guilty of oppression, fraud, or malice." A punitive damages award is only proper if the verdict is not only based on the contract action. Zepeda, 2011 WL 6182951, at *9 n.5 (citations omitted) (establishing that absent an independent tort, punitive damages "may not be awarded for breach of contract even if defendant's conduct in breaching the contract willful, fraudulent, or malicious"). Accordingly, because the Court has concluded that Plaintiff adequately pleads a fraud claim, the Court **DENIES** the motion to dismiss the punitive damages request.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, the motion to dismiss is **GRANTED in part** and **DENIED in part**. Plaintiff has fourteen (14) days to submit an amended complaint.

IT IS SO ORDERED.

|                                | :      | 05     |
| ------------------------------ | ------ | ------ |
| Initials of Preparer           | kjt    |        |